**Gordon A. HAUGH et al., Plaintiffs,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. No. 5575-52.**

United States District Court
D. Columbia.

June 23, 1954.

A. Yates Dowell and A. Yates Dowell, Jr., Washington, D. C., for plaintiff.

E. L. Reynolds, Sol. U. S. Patent Office, Washington, D. C., for defendant.

BASTIAN, District Judge.

Plaintiffs have filed suit to compel the issuance of a patent.

On April 8, 1949, the plaintiff, Haugh, filed an application in the United States Patent Office for a "Method of Joining and/or Reinforcing Thermo-Plastic Sheet Material", said application being given Serial No. 86,272. The plaintiff, Haugh's Processes Limited, is assignor of the entire right, title and interest of said application. The plaintiff, Doughboy Industries, Inc., is the exclusive licensee in the United States under an agreement with plaintiff, Haugh's Processes Limited. The plaintiffs, Harris Trust and Savings Bank and W. H. Milsted, are assignees as trustees from the plaintiff, Doughboy Industries, Inc., of its entire right, title and interest in said application.

The Primary Examiner allowed claims 9, 10 and 12, rejecting those remaining. Claims 9 and 10 relate to the method of joining sheet material having self-sealing properties under influence of heat and pressure, "comprising stacking the sheets such that the faces of the sheets adjacent the edges to be joined are aligned in overlying-underlying relationship", ap-

plying a solvent and securing a strip to the edges by the use of heat of a degree such that the materials themselves are not self-sealing but at which the solvent is effective to bond the coated faces of the strip to the opposing faces of the aligned edges.

Appeal was duly taken to the Board of Appeals of the Patent Office, where the decision of the Primary Examiner was affirmed as to the allowance of claims 9 and 10. The Board of Appeals rejected claims 7, 8, 11 and 13 to 19, and also rejected claim 12, which previously had been allowed by the Examiner. Plaintiffs' "Petition for Rehearing and Reconsideration" was denied on July 31, 1952; their "Petition for Additional Consideration" was denied on September 12, 1952. Plaintiffs filed a "Petition to the Commissioner", which was denied September 18, 1952.

The Board of Appeals rejected claims 7, 8, 11 and 13 through 19 as unpatentable over prior art, citing Hosfield, Serial No. 2,343,975, and Lindh, et al., Serial No. 2,367,725, taking the position that the limitation in the method claims with reference to the temperature at which the material is maintained fails to define a patentable departure from the practice disclosed in Hosfield, and that the limitation in some of the claims to the effect that the sheets are united with a thermoplastic strip of material which is placed over adjacent edges of the sheets lacks novelty in view of Lindh, et al., where it is shown to be old in the art to join sheets in this manner. The Board of Appeals held that the allowance of claims 9 and 10 was not inconsistent with the rejection of the other claims because the two claims were limited to the "stacking" of the sheets. The Board also rejected method claim 12, which had been allowed by the Examiner, as unpatentable over Hosfield in view of Lindh, et al., for the reasons stated. Article claim 11, which depends on allowed claim 10, was rejected on the basis of the plaintiffs' failure to show that, by applying the bonding strip to the sheets while they are stacked on one another, a critically different bond results from that which results when the strip is applied to unstacked sheets.

The Board also sustained the rejection of article claims 16 through 19 as unpatentable over Hosfield, because these claims define the claimed article by the method used for producing the same, which method the Board held to be devoid of invention, for the reasons stated, the Board holding that it is well settled that when "the process does not define invention, the product of the process, which in the claims is defined by the process steps, is also not patentable".

At the conclusion of the trial of the case in this Court, the plaintiffs eliminated from the Court's consideration claims 8, 16 and 19, thereby leaving for consideration claims 7, 11, 12, 13, 14, 15, 17 and 18.

■ From a careful reading of the method claims 7, 12, 14 and 15, it appears to the Court that each of these claims is pitched upon one feature: that a temperature is used which is insufficient to produce self-adhesion between layers of the material but sufficient to cause the solvent to bond to the material. It is of interest to note that these rejected claims do not contain the sheet handling limitation to "stacking the sheets such that the faces of the sheets adjacent the edges to be joined are aligned in overlying-underlying relationship", as were the allowed claims 9 and 10, but comprise arranging said sheets with the edges to be joined closely adjacent each other, or so that the edges to be joined are in contiguous relation, or bringing together the sheet material with the solvent therebetween. Claims 7, 12, 14 and 15 are not patentable over the prior art cited.

■■ Article claims 13, 17 and 18 are not patentable. If the process does not define invention, the product of the process, which in the claims is defined by the process steps, is also not patentable.

■ Left for the Court's consideration is claim 11, which depends on the process steps recited in the allowed claim 10. Claim 11 was rejected by the Board as unpatentable over Hosfield since the

plaintiffs have failed "to show that by applying the bonding strip to the sheets while they are stacked on one another, a critically different bond is obtained than when the strip is applied to unstacked sheets". With this the Court must agree. Nothing in the evidence before the Court disputes the conclusion of the Board; in fact, the evidence supports that conclusion.

The complaint will be dismissed. Counsel will prepare and submit, on notice, proposed findings of fact, conclusions of law and judgment.